FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2014 DEC 31 AM 9:41
CLERK'S OFFICE
AT BALTIMORE
_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK H. WITTSTADT
SELECT PORTFOLIO SERVICING, INC.
GERARD WILLIAM WITTSTADT, JR.
 Substitute Trustees

Plaintiffs

v.                            Civil Action No. JKB-14-3852

DAVE LLEWELLYN DIXON
JULIANA KOFFA DIXON

Defendants

## MEMORANDUM

On December 10, 2014, defendants, who are Maryland residents, filed a Notice of Removal from the Circuit Court of Maryland for Howard County, Case No. 13C14101405, paying the filing fee and providing a civil cover sheet, the complaint, and documents relating to the Circuit Court case (ECF Nos. 1 and 2), as well as an "Affidavit for Notice of Removal" (ECF No. 3) and an "Affidavit for Declaration of Bill of Rights." (ECF No. 4).

There is no evidence that removal would be proper in this case. Under 28 U.S.C. § 1441(a), only actions "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Circuit Court complaint seeks foreclosure on a property occupied by defendants. Although defendants claim a violation of the United States Constitution (Civil Cover Sheet, ECF No. 1-1), the foreclosure action concerns application of Maryland law. To the extent they exist, the defendants' federal

constitutional arguments are matters only raised in defense to the foreclosure suit, which clearly does not rest upon federal-question jurisdiction. "[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983). In this case, state law created the causes of action, "and original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Id.* at 13. No question of federal law is part of the plaintiffs' claim in the foreclosure action, and federal-question jurisdiction does not exist over it.

Defendants also invoke this court's diversity jurisdiction, but at least two of the plaintiffs appear to reside in Maryland, as do the defendants, and an address is not provided for the business entity. Thus, diversity jurisdiction does not exist.

Removal was improper, and the case shall be remanded by separate order.[1]

DATED this 30th day of December, 2014.

                                      BY THE COURT:

                                      _____/s/_____
                                      James K. Bredar
                                      United States District Judge

---

[1] The Court's Standing Order Concerning Removal (ECF No. 5) was issued in error and will be vacated.